IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| | | |
|---|---|---|
| MONICA HAGUE, <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO, <br> Defendant. | § § § § | SA11CA1101 OG |

## COMPLAINT

Plaintiff by her attorneys Gaul and Dumont complaining of Defendant University of Texas Health Science Center at San Antonio (UTHSCSA) alleges:

### JURISDICTION AND VENUE

(1) This action is brought to remedy discrimination on the basis of sex (female), in the terms, conditions, and privileges of employment, and sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

This is also an action for retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

(2) Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 42 U.S.C. §1981a.

(3) Plaintiff Monica Hague, a resident of the State of Texas, filed a complaint of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission (EEOC) complaining of the acts of sex discrimination, sexual harassment, and retaliation alleged herein.

(4) On October 7, 2011, the EEOC issued Plaintiff a notice informing her of her right to

sue Defendant in federal court.

(5) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6) As the unlawful employment practices complained of herein occurred within the Western District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7) Plaintiff was employed by Defendant beginning December 8, 2008, as an Instructor, Emergency Health Sciences, School of Health Professions, training firemen and paramedics for the City of San Antonio.

(8) Defendant is an employer as defined by Title VII.

### ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9) On or about September 9, 2010, during a meeting, Dr. Craig Manifold, Medical Director, told the female subordinates if they were not happy working for him they could go work for Playboy. He then produced an article about females reading Playboy Magazine for the blind, including how they explicitly describe the pictures of nude women.

(10) This was not the first time Dr. Manifold had provided items of a sexual nature to female subordinates. Previously, he gave a female subordinate a doll with a penis.

(11) On September 21, 2010, Plaintiff met with Dr. Nita Wallace, Assistant Dean for Faculty and Staff Development, to discuss her concerns about the workplace.

(12) On October 29, 2010, Plaintiff submitted a complaint to Dr. Bonnie Blankmeyer, Executive Director, Office of Faculty and Academic EEO/AA, asserting Dr. Manifold had violated Defendant's Sexual Harassment and Sexual Misconduct policy.

(13) Dr. Blankmeyer conducted an investigation and reported Dr. Manifold's conduct was unprofessional and inappropriate for the workplace or classroom.

(14) Defendant would not provide Plaintiff with a copy of the investigative file.

(15) After Plaintiff filed the complaint of discrimination and sexual harassment, Dr. Manifold took retaliatory actions against Plaintiff which affected Plaintiff's work, including removing Plaintiff from projects and deleting Plaintiff from important interoffice email distributions. Plaintiff was told she could not talk to union members, which prevented her from communicating with her students, most of which are union members.

(16) Dr. Manifold also made untruthful and derogatory comments about Plaintiff and her work to the South Texas Regional Advisory Council, an organization with which Plaintiff is professionally associated.

(17) Dr. Manifold threatened Plaintiff's employment if she revealed any of his inappropriate behavior to the Ludwig Group, which was doing an audit of the department for the City of San Antonio. Plaintiff told the Ludwig Group about Dr. Manifold's actions toward her and the other female subordinates.

(18) On June 27, 2011, Plaintiff filed a complaint of retaliation and harassment with Defendant, when Plaintiff was advised her contract would not be renewed and she would be terminated effective August 31, 2011. Three other female employees involved in the September 9, 2010 meeting, including the employee who was given the doll with a penis, were also terminated.

## FIRST CAUSE OF ACTION

(19) Defendant has sexually harassed and discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex (female), in violation of Title VII.

(20) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages as a result of Defendant's sexual harassment and discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION

(21) Defendant has retaliated against Plaintiff in the terms and conditions of her employment in violation of Title VII.

(22) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

(23) WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a) Declaring the acts and practices complained of herein are in violation of Title VII;

(b) Enjoining and permanently restraining these violations of Title VII;

(c) Directing Defendant to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory/retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory/retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e) Awarding Plaintiff compensatory damages;

(f) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k); and

(g) Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

(24) Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
924 Camaron Street
San Antonio, Texas 78212
(210) 225-0685
(210) 320-3445 - Fax

By: _____
MALINDA A. GAUL
State Bar #08239800
Attorney for Plaintiff