UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MONICA HAGUE, § | |
| *Plaintiff,* § | |
| § | |
| VS. § | Case No. SA-11-CV-1101-RCL |
| § | |
| UNIVERSITY OF TEXAS HEALTH § | |
| SCIENCE CENTER AT SAN ANTONIO § | |
| *Defendant*. § | |

## MEMORANDUM OPINION

This case comes before the Court on defendant's objections and Motion [72] to exclude plaintiff's exhibits and witness testimony, plaintiff's response thereto, defendant's amended Motion [78] in limine, plaintiff's advisory to the Court, and defendant's response thereto. Upon consideration of these filings, the applicable law, and the entire record in this case, the Court will exclude Dr. Bonnie Blankmeyer's testimony, as well as plaintiff's Exhibits 6 and 7, from trial.

**I.    BACKGROUND**

Plaintiff has brought claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), against defendant, her former employer. Plaintiff initially brought sex discrimination and harassment claims, as well as claims that she was retaliated against for opposing her employer's allegedly unlawful employment practices. Since the Fifth Circuit has affirmed the district court's grant of summary judgment in favor of defendant on the harassment and discrimination claims, plaintiff's only remaining claim is for retaliation.

Plaintiff has proposed for submission evidence of two complaints she made to defendant. Plaintiff's Exhibit 5 is the Report of Findings from Investigation of Official Grievance, completed by Dr. Juanita Wallace on November 10, 2010. The report states Plaintiff complained about discrimination by Dr. Lance Villers. Plaintiff has asked to call Wallace as a witness and

submit the report as an exhibit.  Plaintiff's Exhibit 6 is the findings of the investigation regarding the Formal Complaint of Sexual Misconduct (Sexual Harassment and Sexual Misconduct Policy Handbook of Operating Procedures, Chapter 4, Section 4.2, Policy 4.2.2.), completed by Dr. Bonnie Blankmeyer on December 3, 2010.  Plaintiff's Exhibit 7 is the reprimand of Dr. Craig Manifold which resulted from the investigation by Blankmeyer.  Plaintiff has asked to call Blankmeyer as a witness and submit the report and reprimand as exhibits.

## II.     LEGAL STANDARDS

To establish an unlawful retaliation claim under Title VII, a plaintiff must prove "(1) that she engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."  *See Grimes v. Texas Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 140 (5th Cir. 1996). Title VII's antiretaliation provision defines two types of protected activity: The "opposition" clause prohibits retaliation against employees who oppose any practice made unlawful by Title VII, 42 U.S.C. § 2000e-3(A), while the participation clause protects activity that occurs with or after the filing of a charge, *see Mota v. Univ. of Tex. Hous. Health Sci. Ctr.*, 261 F.3d 512, 520 (5th Cir. 2001).  When the plaintiff's allegedly protected activity is opposition to an employment practice that is not unlawful under Title VII, the plaintiff must prove that he or she reasonably believed the practice unlawful under Title VII.  *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).  As the Fifth Circuit Pattern Jury Instructions note, however, if there is no dispute as to whether the activity was protected, "the charge may simply specify the . . . protected activity at issue."  Fifth Circuit Pattern Jury Instructions (Civil Cases) § 11.5 (2015).

## III.    ANALYSIS

Defendant and plaintiff have "generally" agreed to the following stipulation regarding the Manifold complaint:

> Monica Hague engaged in protected activity under Title VII. "Protected activity" includes opposing an employment practice that is unlawful under Title VII by making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. Monica Hague had a reasonable good-faith belief Dr. Craig Manifold's alleged sex discrimination and sexual harassment she opposed was unlawful under Title VII.

With respect to the Villers complaint, however, defendant does not agree to stipulate that the plaintiff's complaint was protected activity, and concedes that plaintiff may therefore offer evidence relating to Wallace's investigation thereof.

Defendant argues that with respect to the Manifold complaint and Blankmeyer's resulting investigation, its willingness to stipulate to protected activity saps plaintiffs' evidence of its probative value and renders that evidence properly excludable as unfairly prejudicial. Fed R. Evid. 403. Plaintiff's sole response on this point is that

> [p]resenting the Dr. Wallace investigation without the Dr. Blankmeyer investigation, is prejudicial to Plaintiff, because it provides only part of the evidence of Plaintiff's protected activity which resulted in the retaliation. Providing one investigation without the other will create a false impression with the jury as to Plaintiff's protected activity and will not allow Plaintiff to demonstrate why the protected activity resulted in Plaintiff losing her employment with Defendant.

This argument is unpersuasive. The Court has searched in vain for how the Blankmeyer investigation and testimony, or the reprimand to Manifold those produced, could be relevant to anything at this trial other than the undisputed fact that plaintiff's complaint about Manifold was protected activity. Excluding the Blankmeyer investigation and not the Wallace one will by definition entail presenting only part of the evidence of plaintiff's protected activity, but how that prejudices plaintiff remains a mystery. Plaintiff asserts that excluding the Blankmeyer

investigation will create a false impression with the jury, but does not say what that might be; the Court is unable to guess.  Nor does plaintiff mention how the Blankmeyer investigation would help prove that plaintiff was retaliated against because of her opposition to Villers or Manifold.  Given this lack of proffered probative value to any controverted issue, and given the salacious nature of Manifold's conduct, the Court has no trouble concluding that the probative value of Blankmeyer's testimony and plaintiff's Exhibits 6 and 7 is substantially outweighed by the danger of unfair prejudice that evidence poses.

**CONCLUSION**

Because plaintiff offers no basis to conclude that Blankmeyer's investigation and testimony would be relevant to any trial issue beyond the one defendant has already conceded, the Court will exclude plaintiff's Exhibits 6 and 7, as well as Blankmeyer's testimony, in a separate Order issued this date.

Signed by Royce C. Lamberth, Judge, on January 15, 2016.